SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

---

NATIONAL WILDLIFE FEDERATION,

        *Petitioner,*

-against-

JOSEPH MARTENS, as Commissioner of the New York State Department of Environmental Conservation, and NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

        *Respondents,*

-and-

LAKE CARRIERS' ASSOCIATION and CANADIAN SHIPOWNERS ASSOCIATION,

        *Intervenor-Respondents.*

AFFIRMATION OF
MATTHEW D. MELEWSKI
IN OPPOSITION TO
MOTION FOR A STAY

*Index No.* 6181-12

---

MATTHEW D. MELEWSKI, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under penalty of perjury:

1. I am an attorney with the firm Leonard, Street and Deinard, co-counsel for Intervenor-Respondents Lake Carriers' Association ("LCA") and Canadian Shipowners Association ("CSA") in the above-entitled proceeding.

2. I am familiar with the facts and circumstances related to the above-entitled proceeding.

3. I submit this affirmation in opposition to the Order to Show Cause submitted by National Wildlife Federation ("NWF"), signed and served on May 9, 2013. The Order to Show

Cause requests that this Article 78 proceeding be continued (or stayed) until the U.S. District Court for the District of Columbia issues a final ruling in *National Wildlife Federation v. United States Environmental Protection Agency*, No. 1:13-cv-00617 (D.D.C.).

## PROCEDURAL BACKGROUND

4. On September 26, 2012, the New York Department of Environmental Conservation ("DEC") issued a 401 Certification, pursuant to section 401 of the Clean Water Act, 33 U.S.C. § 1341, certifying that the U.S. Environmental Protection Agency ("EPA")'s proposed Vessel General Permit ("VGP") complies with New York's water quality standards. The VGP regulates discharges from commercial shipping vessels, including discharges of ballast water. *See* 76 Fed. Reg. 76,716 (Dec. 8, 2011).

5. Petitioner NWF commenced the instant proceeding by Verified Petition brought by Order to Show Cause on November 8, 2012. Petitioner, by its Verified Petition, seeks review of the 401 Certification under Article 78 of the CPLR and requests a Court order directing the Respondent New York State Department of Environmental Conservation ("DEC") to add stricter conditions to New York's 401 Certification.

6. Intervenor-Defendants LCA and CSA were permitted to intervene in this proceeding pursuant to an Order of November 28, 2012. Order on Stipulation Permitting Intervention of lake Carriers' Association and Canadian Shipowners Association, *Nat'l Wildlife Fed'n v. Martens*, Index No. 6181-12 (N.Y. Sup. Ct. Nov. 28, 2012).

7. On April 12, 2013, EPA published the VGP in the Federal Register. 78 Fed. Reg. 21,938 (April 12, 2013). The VGP became final agency action two weeks later, on April 26, 2013. *See* 40 C.F.R. § 23.2(a).

8. Pursuant to a federal regulation published by EPA under the Clean Water Act, 40 C.F.R. § 124.55(b), now that the VGP has been issued, no further conditions may be added to the 401 Certification. As a result, *Nat'l Wildlife Fed'n v. Martens*, Index No. 6181-12 (N.Y. Sup. Ct.) is now moot. *See In re U.S. E.P.A. Vessel General Permit for Discharges Incidental to Normal Operation of Commercial Vessels*, 2009 WL 2998058 (Minn. App. 2009) (unpublished)

9. Intervenor-Respondents LCA and CSA notified this Court that they believe the proceeding is now moot by letter of April 30, 2012.

10. In an attempt to maintain the viability of this case, Petitioner NWF brought suit the following day in the U.S. District Court for the District of Columbia, seeking to overturn the subject regulation, 40 C.F.R. § 124.55(b). *See* Affidavit of Neil Kagan In Support of Order to Show Cause ¶ 13 (May 3, 2013) (explaining that NWF filed the federal complaint "to avert dismissal" of this case); Complaint ¶ 31, *Nat'l Wildlife Fed'n v. EPA*, No. 1:13-cv-00617 (D.D.C. May 1, 2013) ("[u]nless the Court prohibits EPA from applying [C.F.R. § 124.55(b)], the New York state court is substantially likely to dismiss *National Wildlife Federation v. Martens*").

11. On the same day it filed its complaint in D.C., NWF sought a temporary restraining order and preliminary injunction in the federal court action to prevent EPA from enforcing C.F.R. § 124.55(b). That request was also intended to avoid dismissal of NWF's proceeding before this Court. *See, e.g.*, Plaintiff's Statement of Points of Law and Authority in Support of its Motions for Temporary Restraining Order and Preliminary Injunction at 23, *Nat'l Wildlife Fed'n v. EPA*, No. 1:13-cv-00617 (D.D.C. May 1, 2013) ("Delaying review is substantially likely to lead to the imminent dismissal of NWF's state lawsuit . . . ").

12. Petitioner NWF then sought a continuance (or stay) of this proceeding by Order to Show Cause, signed on May 9, 2013 and returnable on May 15, 2013. The Order to Show Cause requests that this Article 78 proceeding be continued/stayed until the U.S. District Court for the District of Columbia issues a final ruling in *Nat'l Wildlife Fed'n v. EPA*.

13. By letter of May 10, 2013, this Court informed the parties that respondents should file a motion to dismiss within 30 days of the date of the letter. Intervenor-Respondents LCA and CSA intend to file such a motion within the period prescribed.

## ARGUMENT

14. Petitioner NWF is not entitled to a continuance/stay of this proceeding pending a final ruling in *Nat'l Wildlife Fed'n v. EPA*. As an initial matter, NWF provides no legal basis or authority for this Court to grant the continuance/stay sought by NWF. In fact, such a stay is inconsistent with New York law and the unique facts of this case weigh against this Court exercising its discretion to grant a continuance/stay.

15. NWF's request for a continuance/stay is governed by either N.Y. C.P.L.R. § 2201 or N.Y. C.P.L.R. § 7805 or. Under either provision, NWF has failed to demonstrate that a stay is warranted.

16. A continuance/stay is also unjustified because it would be prejudicial to LCA and CSA. NWF has waited for months to seek a stay, and has only now moved for a stay to bolster the federal case, *Nat'l Wildlife Fed'n v. EPA*, which is actually a continuation of a case that has been ongoing for two years. Moreover, the instant proceeding is already moot.

A. **A Continuance/Stay is Not Warranted under N.Y. C.P.L.R. § 2201**

17. Pursuant to N.Y. C.P.L.R. § 2201, a stay may only be issued pending the determination of a subsequently commenced federal action when the two actions share

"complete identity of parties, claims, and reliefs sought." *Tribeca Lending Corp. v. Crawford*, 916 N.Y.S.2d 116, 118 (App. Div. 2010); *Winters Bros. Recycling Corp. v. H.B. Millwork*, 900 N.Y.S.2d 99, 100 (App. Div. 2010); *Pierre Assoc. Inc. v. Citizens Casualty Co. of NY*, 304 N.Y.S.2d 158, 160 (App. Div. 1969)("the possibility or actuality of two trials is not of importance")(citation omitted).

18. "[I]t is only where the decision in one action will determine all the questions in the other action, and the judgment in one trial will dispose of the controversy in both actions that a case for a stay is presented." *Abrams v. Xenon Indus.*, 535 N.Y.S.2d 616, 617 (App. Div. 1988) (quoting *Hope's Windows v. Albro Metal Products Corp.*, 460 N.Y.S.2d 580 (App. Div. 1983)).

19. The two cases at issue, in state court in New York and federal court in D.C., do not share a complete identity of either parties, claims, or reliefs sought.

20. In the federal case in D.C. District Court, EPA is a party, but DEC is not. NWF is the petitioner/plaintiff in both cases, and LCA and CSA have intervened in both cases, but this is insufficient. *See Sears v. Country Developers, Inc.*, 577 N.Y.S.2d 338, 339 (App. Div. 1991) (explaining that "while there may be some overlap between the State and Federal actions," what is required is a complete identify of parties, causes of action and relief sought); *Green Tree Financial Servicing Corp. v. Lewis*, 720 N.Y.S.2d 843, 844 (App. Div. 2001).

21. The claims in the state and federal cases, and the relief sought in those cases, are completely different. In the federal case, NWF seeks to overturn 40 C.F.R. § 124.55(b). In the state case, NWF seeks to add conditions to the 401 Certification. Even if NWF prevails in the federal action, NWF would still have to pursue the state proceeding in its entirety. The federal action will not determine all of the questions or dispose of the controversies in the state action.

### B. A Continuance/Stay Is Not Warranted Under N.Y. C.P.L.R. § 7805

22. In order for a stay to be granted under N.Y. C.P.L.R. § 7805, the Petitioner must make a demonstration of, at a minimum, irreparable harm in the absence of the stay. *See, e.g., Stewart v. Parker*, 341 N.Y.S. 2d 189, 192 (App. Div. 1973); *Albany Med. Ctr. Hosp. v. Breslin*, 261 N.Y.S. 2d 957, 958 (N.Y. Sup. Ct. 1965); *Consolidated Edison Co. of NY v. Maltbie*, 86 N.E.2d 161, 162 (N.Y. 1949).

23. Petitioner has made no showing of irreparable harm. Instead, NWF has asked for a stay simply because "[t]he federal court's decision should clarify whether this Court may resolve this proceedings on its merits," and to "save this Court and the parties the resources they would otherwise expend in resolving a motion to dismiss." Affidavit of Neil Kagan In Support of Order to Show Cause ¶ 14 (May 3, 2013). This is insufficient to demonstrate irreparable harm or warrant a stay under N.Y. C.P.L.R. § 7805.

24. Moreover, Petitioner is not likely to suffer any irreparable harm because a failure to stay this proceeding will not determine any outcome in the federal case.

### C. The Facts of This Case Counsel Against a Continuance/Stay

25. In addition to the fact that a stay is not warranted under either N.Y. C.P.L.R. § 7805 or N.Y. C.P.L.R. § 2201, the unique facts of this case weigh against this Court exercising its discretion to grant a continuance/stay.

26. Petitioner's federal claim is not new, but is a reassertion of a claim Petitioner NWF brought in 2011. *See* EPA's Unopposed Motion And Memorandum In Support To Consolidate Related Cases, *Nat'l Wildlife Fed'n v. EPA*, No. 1:13-cv-00617 (D.D.C. May 2, 2013). NWF has been pursuing its claim to overturn 40 C.F.R. § 124.55(b) all this time. A stay is not suddenly warranted now.

27. Petitioner could have sought a stay of the 401 Certification or the VGP itself, but did not. Petitioner also could have earlier sought a stay of this proceeding, but did not. In fact, NWF only sought a stay after it was suggested by the Court in the federal case. Notice, *Nat'l Wildlife Fed'n v. EPA*, No. 1:13-cv-00617 (D.D.C. May 5, 2013) ("Taking its cue from the Court's suggestion at the hearing in this action on May 2, 2013, NWF today is pursuing a continuance of the New York state court litigation.").

28. Petitioner's stated claim for pursing this stay is also unavailing. NWF states that a stay will "save this Court and the parties the resources they would otherwise expend in resolving a motion to dismiss." Affidavit of Neil Kagan In Support of Order to Show Cause ¶ 14 (May 3, 2013). This Court has already directed Respondents to file a motion to dismiss, however, and a motion to dismiss would be necessary anyway if NWF does not succeed in the federal case. A stay will simply unnecessarily prolong this proceeding, to the detriment of LCA and CSA.

## CONCLUSION

WHEREFORE, on the basis of the foregoing, your Affiant respectfully requests that the Court deny Petitioner National Wildlife Federation's Order to Show Cause, and not enter a continuance or stay in this matter.

Dated: May 14, 2013
Minneapolis, MN

_____
Matthew D. Melewski